IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELRA and UFCW Health and Welfare Fund  :
:
        Plaintiffs,  :
:
v.  :  Civ. Action No. 07-452
:  (RWT)
Marcus Archibald  :  Jury Trial Demanded
:
        Defendant.  :
_____:

ANSWER AND COUNTERLAIM

Defendant answers the Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1.

2. Admits the allegations set forth in paragraphs 2 -6.

3. Denies the allegations set forth in paragraph 7 except admits that Defendant visited Las Vegas in or about February 14, 2003 for three days to participate as a game show contestant, that he visited Las Vegas in or about September 2003 for three days to participate as a game show contestant, and in or about June 2004 for three days to participate as a game show contestant. Defendant further avers that he was not receiving accident and sickness benefits in September 2003 and June 2004, that he was out on approved medical leave, that his medical leave was and is supported by his health care providers.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8.

5. Denies the allegations set forth in paragraph 9.

6. Admits the allegations contained in paragraph 10.

7. Denies the allegations set forth in 11-17.

8. Defendant demands a trial by jury on all counts.

## Affirmative Defenses

9. Each count of the complaint fails to state a claim.

10. Each count of the complaint is barred by the doctrine of laches.

11. Defendant has unclean hands.

12. Each count of the complaint is preempted by ERISA.

WHEREFORE, Plaintiff respectfully requests that the Complaint be dismissed and that he be awarded his attorneys fees and costs.

## Counterclaim

13. Comes now, Plaintiff, Marcus E. Archibald, by and through undersigned counsel, *ALAN LESCHT & ASSOCIATES, P.C.*, brings this action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due under the FELRA & UFCW Health and Welfare Fund, Summary Plan X, an employee benefit plan subject to ERISA, and to recover costs and attorneys' fees as provided by ERISA.

## Jurisdiction and Venue

14. This is an action brought pursuant to section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

15. Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) in that Defendants were responsible for administration and payment of benefits through employment of the participants in accordance with the Summary Plan X at the employer's facility in the District of Columbia.

## Parties

16. Plaintiff is an adult resident of 700 Hilltop Terrace, SE, Washington, DC, is employed by Safeway, Inc., is a member of the trade Union UFCW Local 400, and was a plan participant in a health plan administered by Defendants.

17. Plaintiff is and has been a participant in the Food Employers Labor Relations Association and United Food and Commercial Workers Health and Welfare Fund, Summary Plan X, (hereinafter, "Plan X" or the "Defendant Plan") since July 1999.

18. The Defendant Plan is an employee welfare benefit plan within the meaning of Section 3(1), 29 U.S.C. § 1002 (1), of ERISA. The "Claims" and "Eligibility" Offices of the Defendant Plan are located in Cockeysville Maryland and Landover, Maryland, respectively. Defendant Plan is a multi-employer and multi-union plan, including UFCW Local 400, established in July 1999 and administered continuously by the Board of Trustees of the FELRA & UFCW Health and Welfare Fund, 10626 York Road, Cockeysville, Maryland 21030-2341.

19. The summary plan description issued by Defendant Plan designates Defendant Associated Administrators, Inc., as plan administrator.

20. The Board of Trustees and Associated Administrators, Inc. are the fiduciaries of the Defendant Plan, within the meaning of Section 3(21) of ERISA.

Facts

21. Plaintiff adopts and incorporates Paragraphs 12 through 19 as though fully set forth herein.

22. At all times relevant to this Complaint, Plaintiff worked as a night stocker at Safeway, Inc., in Washington, DC.

23. Plaintiff suffers from a mental impairment that rendered him disabled to the extent that he could not perform the usual and customary duties of his job during the period from May 11, 2004 until May 20, 2004, and from July 12, 2004 until November 2005.

24. The Defendant Plan provides, as part of the Accident and Sickness Benefit, that benefits are paid directly from the Fund's assets "to an eligible participant who is actively at work and becomes disabled to the extent that he/she can perform none of the usual and customary duties…" (Plan X, Summary Plan Description, p. 55).

25. Plaintiff filed for benefits under the Accident and Sickness Benefit provision of the Defendant Plan for the relevant time periods during which he was disabled.

26. Plaintiff's Accident and Sickness benefits were denied as of August 17, 2003 and Plaintiff appealed the denial to the Board of Trustees of the Defendant Plan.

27. The Board of Trustees of the Defendant Plan and Defendant Associated Administrators, Inc., denied Plaintiff's appeal for reinstatement of Accident and Sickness benefits on December 21, 2004.

28. The Defendant Plan provides, as part of Medical Services benefits, that medical charges incurred during the treatment of a sickness or injury and which are performed or prescribed by a duly licensed physician, will be covered. (Plan X, Summary Plan Description, p. 88).

## COUNT ONE

29. Plaintiff adopts and incorporates paragraphs 12 through 27 as though fully set forth herein.

30. Pursuant to Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) of ERISA, Plaintiff is entitled to payment of his benefits under Plan X, in full.

31. Plaintiff's Accident and Sickness benefits were denied in violation of the terms of the Defendant Plan.

32. All conditions precedent under the Defendant Plan have been satisfied and Plaintiff has exhausted all administrative appeals under the Defendant Plan prior to filing suit.

33. Plaintiff has satisfied all conditions to be eligible for benefits under the Defendant Plan and has not waived or otherwise relinquished his entitlement to these benefits.

## Jury Trial Demand

34. Plaintiff demands a trial by jury on his counterclaim.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Order Defendant to pay all benefits under the Defendant Plan to Plaintiff, including retroactive payment of all back benefits with interest.

B. Order that Plaintiff's medical services and accident and sickness benefits be reinstated.

C. Award Plaintiff all attorney's fees and costs associated with this action.

D. Any such other relief as the Court deems just and proper.

                        Respectfully submitted,

                        Alan Lescht & Associates, P.C.

                        _____

Alan Lescht
Susan Kruger
1050 17th Street, NW
Suite 220
Washington, DC 20036
(202) 463-6036