IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Scott W. DiBiasio, )
 )
 Plaintiff, )
 )
v. ) Civil Action No. 1:07-cv-00300 (PLF)
 )
Plasma Protein Therapeutics Association, )
 )
 Defendant. )

## MOTION FOR COURT APPOINTED COUNSEL IN TITLE VII ACTION

Plaintiff Scott W. DiBiasio respectfully requests that this Court appoint counsel to represent him pursuant to 42 U.S.C. § 2000e-5(f)(1)(B). This is an action alleging employment discrimination and seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Respectfully submitted,

Date:  July 5, 2007

[signature]

Scott W. DiBiasio, *Pro Se*
2710 Mapleview Court
Odenton, MD 21113
Phone:  (410) 721-7050/(703) 283-4492

**RECEIVED**

JUL - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Certificate of Service

I, Scott W. DiBiasio certify that I will serve upon the Defendant, Plasma Protein Therapeutics Association, this motion through their attorney, David J. Ervin on July 5, 2007 via electronic mail.

[signature] Scott DiBiasio

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Scott W. DiBiasio, )
)
)
)
Plaintiff, )
)
v. )
) Civil Action No. 1:07-cv-00300 (PLF)
Plasma Protein Therapeutics Association, )
)
Defendant. )
)

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL IN TITLE VII ACTION

Plaintiff Scott W. DiBiasio filed this claim alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Court is permitted by 42 U.S.C. § 2000e-5(f)(1)(B) to appoint counsel upon application by the complainant, and in circumstances that the Court deems just.

Plaintiff's Motion satisfies the first requirement of 42 U.S.C. § 2000e-5(f)(1)(B).

Further, the following four factors strongly and equally weigh in favor of the Court appointing counsel for the Plaintiff in this matter.

1. **Plaintiff's Claim Has Merit and will be Successful at Trial**

Plaintiff was formerly employed by the Defendant. In or about May, 2005 Plaintiff complained to management about what Plaintiff believed to be unlawful discrimination at work. Defendant terminated Plaintiff's employment in or about October 2005 because Plaintiff

complained to management about what Plaintiff in reasonable good faith believed to be unlawful discrimination at work. The reasons given by Defendant for terminating Plaintiff's employment are false and pretext to mask unlawful retaliation discrimination. Defendant's conduct was intentional, wanton, malicious, and in reckless disregard of Plaintiff's civil rights.

### 2. Plaintiff's Claim is Complex; Defendant's Counterclaim Complicates Litigation

Title VII matters are complex cases to litigate. Plaintiff has no legal training or knowledge that would assist him in his prosecution of this litigation.

Further, subsequent to the initiation of this Title VII matter, Defendant Plasma Protein Therapeutics Association on June 15, 2007 sought, and was granted, leave from this Court to file a supplemental answer and counterclaims alleging breach of contract and violations of the Computer Fraud and Abuse Act.

Plaintiff Scott W. DiBiasio denies each and every allegation made in Defendant/Counter-Plaintiff Plasma Protein Therapeutics Association's Counterclaim. However, because Plaintiff lacks adequate counsel and any legal training, Plaintiff has, to date, been unable to provide a Response to Defendant's counterclaim, if appropriate. The Plaintiff, representing himself *Pro Se*, will not be able to adequately defend himself against Defendant's counterclaims.

Furthermore, on June 18, 2007 Defendant Plasma Protein Therapeutics Association filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting that Plaintiff be required to: 1) Produce his personal computer(s) for inspection and imaging by a computer forensic expert; 2) Return any and all documents of the defendant in his possession; 3) Refrain from revealing or using any of the Defendant's documents or information that he has already

accessed or stored; and 4) Refrain from accessing or seeking to access any to Defendant's computer or email systems in the future.

The Defendant's Motion for Temporary Restraining Order and Preliminary Injunction was set for a hearing in this Court on June 27, 2007 and a briefing schedule was determined.

While the Plaintiff was still represented by Alan Lescht & Assoc., PC at the time of the filing of the Motion for Temporary Restraining Order and Preliminary Injunct, the Plaintiff was aware of Alan Lescht & Assoc., PC's pending Motion to Withdraw as Counsel to Plaintiff. Plaintiff did not wish to generate additional legal fees payable to Alan Lescht & Assoc., PC that would be required by briefs and a hearing before this Court. Therefore, Plaintiff agreed to the Consent Order entered in this case on June 26, 2007.

Had Plaintiff had counsel at his disposal that had not previously submitted a Motion to Withdraw as Counsel Plaintiff, Plaintiff may have been able to fully litigate Defendant's Motion for Temporary Restraining Order and Preliminary Injunction, and may not have agreed to the June 26, 2007 Consent Order. Further, the Plaintiff in this case was, and is still not aware of the full legal basis and implications of the Consent Order and the elements contained therein.

At the outset of this litigation Plaintiff's original counsel may have been willing to accept, and in fact did accept, representation of the Plaintiff in his Title VII claim on a contingent fee or reduced hourly fee basis. However, the filing of a counterclaim by Defendant/Counter-Plaintiff Plasma Protein Therapeutics Association makes this litigation far more complex. Plaintiff argues that a case as complex as this case has become should not be prosecuted and/or defended by a *Pro Se* Plaintiff. Further, there is always the possibility that the outcome of the litigation at trial could be adverse to the Plaintiff as it relates to Defendant's counterclaims.

These facts significantly reduce the ability of the Plaintiff/Counter-Defendant to obtain counsel on a contingent fee or reduced hourly fee basis.

### 3. Plaintiff's Previous Efforts to Obtain Counsel Have Failed

Plaintiff was represented by Alan Lescht & Assoc., PC from approximately November 2005 until June 27, 2007. On June 27, 2007 the Court granted Plaintiff's motion that Alan Lescht & Assoc., PC be allowed to withdraw as counsel to Plaintiff due to the fact that the Plaintiff was unable to pay an outstanding balance owed to Alan Lescht & Assoc., PC or to pay future retainers or hourly fees.

Subsequent to the time that the motion of Alan Lescht & Assoc., PC to withdraw as counsel to the Plaintiff was granted by this Court, there has been no material change in the Plaintiff's financial condition. It is unlikely that Plaintiff will be able to secure private counsel in this matter due to significantly limited financial resources.

### 4. Plaintiff's Financial Resources are Extremely Limited

The Plaintiff is married with one dependent, Age 8. Plaintiff is currently unemployed, and has been continuously unemployed since April 18, 2007. Plaintiff resides at, and is the co-owner of real property located at, 2710 Mapleview Court, Odenton, MD valued at approximately $355,000. Plaintiff's property located at 2710 Mapleview Court is encumbered by mortgages totaling $319,500. Plaintiff has financial obligations, including car payments, child care costs, utilities, groceries, clothes, etc. that significantly exceed Plaintiff's monthly income and the monthly income of Plaintiff's spouse. Plaintiff has approximately $100,000 in credit card debt which requires monthly debt service. Plaintiff has no liquid assets. Plaintiff's spouse is employed by Outback Steakhouse as a waitress. Plaintiff's spouse has no cash and no liquid assets.

Due to Plaintiff's limited financial resources, it is highly unlikely that Plaintiff will be able to retain private counsel to continue prosecution of Plaintiff's claims and to fully litigate Defendant's counterclaims.

For the foregoing reasons, Plaintiff Scott W. DiBiasio respectfully requests that this Court grant Plaintiff's motion for Court appointed counsel in this Title VII action.

Respectfully submitted,

Date:   July 5, 2007

_____
Scott W. DiBiasio, *Pro Se*
2710 Mapleview Court
Odenton, MD 21113
Phone: (410) 721-7050/(703) 283-4492

Certificate of Service

I, Scott W. DiBiasio certify that I will provide a copy of this motion to Defendant Plasma Protein Therapeutics Association through their counsel, David J. Ervin, on July 5, 2007 via electronic mail.

Submitted,

Scott W. DiBiasio

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Scott W. DiBiasio, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Plasma Protein Therapeutics Association, )<br>)<br>Defendant. ) | Civil Action No. 1:07-cv-00300 (PLF) |

## ORDER

Upon consideration of the motion of Plaintiff Scott W. DiBiasio for court appointed counsel, it is hereby ORDERED that the motion is GRANTED; and the Clerk is directed to appoint counsel to represent the Plaintiff pursuant to LCvR 83.11.

Date:

_____
Hon. Paul L. Friedman
United States District Judge