IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Scott W. DiBiasio,<br><br>        Plaintiff<br><br>v.<br><br>Plasma Protein Therapeutics Association,<br><br>        Defendant. | Civil Action No. 1:07-cv-00300 (PLF) |

### JOINT MOTION FOR ENTRY OF CONSENT PERMENANT INJUNCTION AND DISMISSAL ORDER

Comes now Defendant Plasma Protein Therapeutics Association ("PPTA") and Plaintiff Scott W. DiBiasio ("Plaintiff") (collectively, the "Parties"), and, for the reasons set forth below, jointly move the Court for entry of a Consent Permanent Injunction and Dismissal Order.

The Parties agreed upon and executed a Settlement Agreement resolving the claims and proposed counterclaims at issue in this case on July 17, 2008.  A copy of this Settlement Agreement is attached hereto as Exhibit "A."  Pursuant to the Settlement Agreement, the Parties have agreed to move the Court for entry of a Consent Permanent Injunction and Dismissal Order, a copy of which is attached hereto as Exhibit "B."

Therefore, the Parties hereby move the Court to approve and retain jurisdiction to enforce the attached Settlement Agreement and for entry of the attached Consent Permanent Injunction and Dismissal Order.

Dated: July 28, 2008

Respectfully submitted,

By: /s/   David J. Ervin
David J. Ervin
Joanna E. Baden-Mayer
KELLEY DRYE & WARREN LLP
3050 K Street NW Ste. 400
Washington, D.C. 20007
Telephone: 202-342-8400
Facsimile: 202-342-8451

*Attorneys for Defendant Plasma Protein Therapeutics Association*

By: /s/   Scott W. DiBiasio
Scott W. DiBiasio
2710 Mapleview Court
Odenton, MD 21113

*Plaintiff (Pro Se)*

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Scott W. DiBiasio,<br><br>      Plaintiff<br><br>v.<br><br>Plasma Protein Therapeutics Association,<br><br>      Defendant. | Civil Action No. 1:07-cv-00300 (PLF) |

## CONSENT PERMENANT INJUNCTION AND DISMISSAL ORDER

WHEREAS, Plaintiff Scott W. DiBiasio ("Plaintiff") and Defendant Plasma Protein Therapeutics Association ("PPTA") (collectively, the "Parties") have entered into a Settlement Agreement in order to finally resolve their disputes;

WHEREAS, the Parties have filed a Joint Motion requesting entry of this Consent Permanent Injunction and Dismissal Order and have jointly moved the Court to approve and retain jurisdiction to enforce the Settlement Agreement and this Consent Permanent Injunction and Dismissal Order;

THEREFORE, THE COURT HEREBY ORDERS AND ADJUDGES, based on the Settlement Agreement, as follows:

1. The attached Settlement Agreement is hereby ratified and approved by the Court, and the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

2. Plaintiff Scott W. DiBiasio is hereby REQUIRED to return to PPTA any and all PPTA documents in his possession, and is further PERMANENTLY ENJOINED AND PROHIBITED from:

   (a) Possessing, accessing or using any PPTA confidential documents or information; and

   (b) Contacting any former or current PPTA employees, either by telephone, electronic communication or otherwise, unless:

     (i) Plaintiff first notifies PPTA's counsel of his intent to make such contact and receives advance written permission to make such contact from PPTA's counsel; or

     (ii) A former or current PPTA employee initiates contact with Plaintiff.

 3. The Parties jointly stipulate and move this Court for dismissal with prejudice of all pending and unasserted claims and counterclaims that were brought, or which could have been brought, by and between the Parties. The Court hereby approves the dismissal of all such pending and unasserted claims and counterclaims with prejudice, each party to bear its own attorney's fees and costs. This dismissal with prejudice is a consequence of the Settlement Agreement between the parties, and is without prejudice to the enforcement of the Settlement Agreement as well as to the permanent injunctive relief described herein.

SO ORDERED this ___ day of _____, 2008

                _____
                United States District Judge

CONSENTED AND AGREED TO BY:


By:   /s/   David J. Ervin
      David J. Ervin
      Joanna E. Baden-Mayer
      KELLEY DRYE & WARREN LLP
      3050 K Street NW Ste. 400
      Washington, D.C. 20007
      Telephone: 202-342-8400
      Facsimile: 202-342-8451

      *Attorneys for Defendant Plasma Protein Therapeutics Association*


By:   /s/   Scott W. DiBiasio
      Scott W. DiBiasio
      2710 Mapleview Court
      Odenton, MD 21113

      *Plaintiff (Pro Se)*

DC01/BADEJ/338919.1

**EXHIBIT B**

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (this "Agreement") is made this 17th day of July, 2008, by and between SCOTT W. DIBIASIO, an individual residing in the State of Maryland ("Plaintiff") and the PLASMA PROTEIN THERAPEUTICS ASSOCIATION ("PPTA"). Plaintiff and PPTA will be referred to jointly as the "Parties."

This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences, and causes of action with respect to the dispute described below.

### PREAMBLE

WHEREAS, on or about February 9, 2007, Plaintiff filed a lawsuit in the Superior Court of the District of Columbia, Civil Division, entitled *Scott W. DiBiasio v. Plasma Protein Therapeutics Association,* Case No. 2006 CA 008973, and this case was removed to and is now pending in the United States District Court for the District of Columbia, Case No. 1:07CV00300 (the "Action");

WHEREAS, Plaintiff alleged in the Action that PPTA violated Title VII of the Civil Rights Act of 1964, and PPTA denies each and every allegation made by Plaintiff in the Action;

WHEREAS, on or about June 15, 2007, PPTA filed a motion for leave to file counterclaims against Plaintiff for breach of contract and violation of the federal Computer Fraud and Abuse Act (the "Counterclaims"), and Plaintiff denies each and every allegation made in the Counterclaims;

DC01/BADEJ/339499.1

**WHEREAS**, to avoid the expense and uncertainty of continued litigation, the disputes giving rise to the Action and Counterclaims were settled on or about March 19, 2008, pursuant to the terms set forth herein;

**NOW, THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.0    Settlement**

1.1    Within 10 days after the execution of the Agreement, Plaintiff agrees to provide his consent to the entry of a permanent injunction that:

a.    Requires Plaintiff to return to PPTA any and all PPTA documents in his possession;

b.    Prohibits Plaintiff from possessing, accessing or using any PPTA confidential documents or information; and

c.    Prohibits Plaintiff from contacting any former or current PPTA employees, either by telephone, electronic communication or otherwise, unless: (i) Plaintiff first notifies PPTA's counsel of his intent to make such contact and receives advance written permission to make such contact from PPTA's counsel; or (ii) if any former or current PPTA employees initiates contact with Plaintiff.

1.2    Within 10 days after the entry of the above permanent injunction, Plaintiff agrees to dismiss the Action with prejudice. Upon receipt of this dismissal with prejudice, PPTA agrees not to seek leave to file or otherwise pursue its Counterclaims against Plaintiff.

1.3    The Court shall retain jurisdiction of this matter to enforce the terms of the permanent injunction to be entered in this Action.

      1.4    Each party agrees to bear its own costs, including, but not limited to, all legal fees and expenses, and all expert consultant and/or expert witness fees and expenses, which either party has incurred in connection with the dispute giving rise to the Action.

**2.0**      **Compromise**

      2.1    The Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission by the Parties of any liability, wrongdoing, or responsibility on their part or on the part of their predecessors, successors, assigns, agents, parents, subsidiaries, affiliates, officers, directors, or employees. Indeed, Plaintiff and PPTA expressly deny any such liability, wrongdoing or responsibility.

**3.0**      **Release**

      3.1    Plaintiff, his predecessors, successors, assigns, transferees, representatives, principals, agents, heirs, executors, administrators, and attorneys herby release and forever discharge PPTA, its predecessors, successors, parents, subsidiaries, affiliates, assigns, and joint venturers (together with the predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees, and shareholders of each such entity) from and against all actions, causes of action, claims, suits, debts, damages, judgments and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, and whether now known or unknown, that Plaintiff now has or may have had, on behalf of himself, or any other person or entity, at any time prior to and including the date of this Agreement or hereafter can, shall, or may have or claim to have, arising out of or relating to any acts or omissions done or occurring prior to the date of this Agreement.

3.2    PPTA, its predecessors, successors, parents, subsidiaries, affiliates, officers, directors, assigns, and joint venturers hereby release and forever discharge Plaintiff, his predecessors, successors, assigns, transferees, representatives, principals, agents, heirs, executors, administrators, and attorneys from and against all actions, causes of action, claims, suits, debts, damages, judgments and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, and whether now known or unknown, that PPTA now has or may have had, on behalf of itself, or any other person or entity, at any time prior to and including the date of this Agreement or hereafter can, shall, or may have or claim to have, arising out of or relating to any acts or omissions done or occurring prior to the date of this Agreement.

4.0    **Confidentiality**

4.1    The Parties acknowledge and agree that this Settlement Agreement will be filed and made a part of the record in the Action.  Notwithstanding the foregoing, the Parties agree to keep all negotiations related to this Agreement and any proprietary information disclosed in connection with the Action, which is not expressly included in this Settlement Agreement, completely confidential and will not disclose to anyone such information and materials.  These confidentiality obligations shall not apply to information requested by subpoena or other court or administrative process, or in any action brought to enforce the terms of this Settlement Agreement.

**5.0** **Miscellaneous Terms and Conditions**

5.1 This document contains the complete Settlement Agreement between the Parties.

5.2 This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

5.3 Plaintiff represents that, other than the Action, he has not filed any other complaints or actions against PPTA, its predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees or shareholders with any federal, state, or local court, or state or federal administrative agency or commission.

5.4 This Agreement may be modified only by a written document signed by both Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the party against whom the waiver is to be enforced.

5.5 This Agreement shall be binding upon the Parties, their assigns, transferees, representatives, principals, heirs, executors, administrators, predecessors, successors, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees, and shareholders. Each of the signatories of this Agreement represents and warrants that they are authorized to execute this Agreement and to bind the Parties thereto.

5.6 If any part or any provision of this Agreement shall be finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of said Agreement.

5.7 This Agreement shall be governed, in all respects, under the laws of the District of Columbia, irrespective of its choice of law rules.

5.8 In any proceeding to enforce this Agreement, the prevailing party shall recover from the non-prevailing party all attorney's fees, costs and expenses actually incurred in connection with such proceeding.

5.9 The Parties acknowledge that they have had the opportunity to consult with legal counsel of their choosing prior to entering into this Agreement and that they enter this Agreement freely and without compulsion of any kind.

**IN WITNESS WHEREOF**, we have hereunto set our hands and seals as of the date above written.

SCOTT W. DIBIASIO

_____
Plaintiff

7/17/08
_____
Date

PLASMA PROTEIN THERAPEUTICS ASSOCIATION

By: _____

TERRY L. DELPRETE
_____
Printed Name

Vice President, Operations
_____
Title

Jan M. Bult
President